ORDERED.

**Dated:  June 19, 2017**



K. Rodney May
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re

Terry G. White,                                    Bankr. Case No.: 8:10-bk-08585-CED
                                                   Chapter 7
        Debtor.

_____/

Larry S. Hyman, as Trustee for              Adversary Pro. No.: 8:11-ap-0052-KRM
the Chapter 7 Bankruptcy Estate
of Terry G. White,

        Plaintiff,

vs.

Target National Bank, a national
bank,

        Defendant.

_____/

**MEMORANDUM OPINION
AND ORDER ENJOINING RELITIGATION OF DISMISSED CLAIMS**

Target National Bank ("TNB") has filed a motion seeking an injunction barring the Trustee from relitigating in state court FCCPA claims that were dismissed by this Court with prejudice.[1]  The Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).  Having considered the underlying pleadings, the accompanying memoranda,[2] and the oral arguments of the parties, the Court will grant the motion.

<u>BACKGROUND</u>

On January 14, 2011, the Chapter 7 Trustee initiated this adversary proceeding against TNB alleging violations of the Florida Consumer Collection Practices Act ("FCCPA") and the Telephone Consumer Protection Act ("TCPA").[3]  Based on the testimony of the Debtor at the § 341 meeting of creditors, the Trustee alleged that TNB had "made multiple collection calls on multiple days in multiple weeks over multiple months from January. . . through April 11. . . [of] 2010. . . ."[4]

After several continuances, a trial was scheduled and a deadline was set for summary judgment motions.[5]  Three days prior to that deadline, the Trustee filed a Stipulation for Final Order of Dismissal with Prejudice (Adv. Doc. No. 30, the "Stipulation"), representing that:

"1.    An agreement for a stipulated dismissal has been reached between the Parties in the above-styled case.

2.    The claims of Plaintiff are being dismissed with prejudice, as to Defendant."[6]

---

[1] Adv. Doc. No. 52.

[2] Adv. Doc. Nos. 52, 55, 57, 58.

[3] Adv. Doc. No. 1.

[4] *Id.*

[5] Adv. Doc. No. 27.

[6] Adv. Doc. No. 30.

Based on the Stipulation, the Court entered an order on February 27, 2012, dismissing the complaint, with prejudice.[7]  Less than two month later, on April 11, 2012, the Trustee filed a second lawsuit against TNB, this time in state court, for alleged FCCPA violations based on collection calls said to have occurred in 2009.  These 2009 calls were known to the Trustee before the parties entered into the Stipulation.[8]  The complaint filed in state court makes no claim for harassing cell phone calls under TCPA; otherwise, it is nearly identical to the one filed in this proceeding, except for the dates of the alleged calls.[9]

TNB argues that this Court should issue an order barring the Trustee from relitigating the same FCCPA claims that were dismissed by this Court, based on the *res judicata* doctrine and the "relitigation exception" to the Federal Anti-Injunction Act.[10]  The Trustee counters that the requested relief is not available because (1) the facts alleged in the state court action are different, and (2) this Court never issued a final judgment on the merits.[11]

DISCUSSION

TNB seeks to have this Court determine the *res judicata* effect of the stipulated dismissal with prejudice, pursuant to the "relitigation exception" of the Anti-Injunction Act.[12]  The Anti-Injunction Act generally prohibits federal courts from interfering with proceedings in state

---

[7] Adv. Doc. No. 31.

[8] Adv. Doc. No. 52 at 9.  Before the dismissal, TNB produced phone records, from which the Trustee discovered the 2009 collection calls.

[9] In his adversary proceeding complaint, the Trustee alleged that TNB called the Debtor's place of employment, cell phone and home phone.  The complaint further alleged that TNB continued to call the Debtor after she told TNB to stop calling her place of employment and cell phone.  The complaint did not allege that the Debtor told TNB to stop calling her home phone.  In the state court complaint, the Trustee alleged that TNB called the Debtor's home phone. The complaint did not allege that the Debtor told TNB to stop calling her home phone.

[10] Adv. Doc. Nos. 52, 58 (citing the "re-litigation" exception to the Anti-Injunction Act, 28 U.S.C. § 2216).

[11] Adv. Doc. Nos. 55, 57.

[12] Adv. Doc. Nos. 52, 58.

courts.[13]  The relitigation exception was "designed to permit a federal court to prevent state litigation of an issue that was previously presented and decided by the federal court.[14]  It is founded in the well-recognized concepts of *res judicata* and *collateral estoppel*."[15]  When applicable, it permits a federal court to be the final arbiter of the *res judicata* effects of its own judgments because it allows a litigant to seek an injunction from the federal court rather than arguing the *res judicata* defense in state court.[16]

1. *Res Judicata*

The doctrine of *res judicata* requires the following elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must have involved the same causes of action.[17]  There is no question regarding this Court's jurisdiction to enter the order dismissing the complaint in this proceeding, or that the parties in the state court FCCPA case are identical.  The only issues requiring analysis are whether the two proceedings involve the same causes of action and, if so, whether this Court entered a final judgment on the merits.

A.  Both Cases Involve the Same Cause of Action

The doctrine of *res judicata* is one of finality, providing that a final judgment rendered by a court of competent jurisdiction is conclusive as to the rights and responsibilities of the parties

---

[13] *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 145 (1988).

[14] 28 U.S.C. § 2283.

[15] *Chick Kam Choo*, 486 U.S. at 147.

[16] *In re Fundamental Long Term Care, Inc., v. General Electric Capital Corp., et al.,* 527 B.R. 497, 516 (Bankr. M.D. Fla. 2015) (quoting *Burr & Forman v. Blair*, 470 F. 3d 1019, 1030 (11th Cir. 2006)).

[17] *Moore v. Pak*, 402 F. Appx 491, 493 (11th Cir. 2010) (quoting *In re Piper Aircraft Corp.*, 244 F. 3d 1289, 1296 (11th Cir. 2001)).

and their privies.[18]  As to the parties to the prior proceeding and their privies, *res judicata* constitutes an absolute bar to subsequent judicial proceeding involving the same cause of action.[19]

The doctrine of *res judicata* also bars claims that "could have been brought," which include "claims in existence at the time the original complaint is filed."[20]  Absent any plausible assertion that essential facts were unknown or concealed, "claims in existence at the time of the original complaint" are considered to be claims that could have been brought.[21]

Claims are part of the same cause of action when they arise out of the same transaction or series of transactions.  If a case arises out of the same nucleus of operative facts, or is based upon the same factual predicates, the two cases are really the same "claim" or "cause of action" for purposes of the doctrine of *res judicata*.[22]

Here, the Trustee argues that his state court claims are different because the phone calls are from a different time period and because "the facts and evidence of the two cases are entirely different."[23]  Neither of these arguments is persuasive.

The Court finds guidance in the decision in *Breeders v. Gulf Coast Collection Bureau, Incorporated,*[24] where the alleged collection harassment claims were based on ten debt collection

---

[18] *Baptiste v. Commissioner of Internal Revenue*, 29 F.3d 1533, 1539 (11th Cir. 1994) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981).

[19] *Id.*

[20] *Piper Aircraft*, 244 F. 3d at 1296.  *See also Nevada v. United States*, 463 U.S. 110, 130 (1983).

[21] *Id.* at 1298-99.

[22] *Id.* at 1296-97 (citing *Ragsdale v. Rubbermaid, Inc.*, 193 F. 3d 1235, 1239 (11th Cir. 1999).

[23] Adv. Doc. No. 55.  The Trustee asserts that the facts of the state court lawsuit are different from this proceeding because the facts of the state court lawsuit do not involve calls to Debtor's cell phone or calls to the Debtor's place of employment.  *Id.* at 3.

[24] 2010 WL 2696404 (M.D. Fla. July 6, 2010).

calls.  The District Court allowed the plaintiff to file a motion for partial summary judgment on whether the FCCPA and FDCPA claims could be prosecuted as separate actions, so the plaintiff could recover statutory damages for each individual action filed, or whether the statutory damages were limited to the combined effect of all of the calls.  The District Court ruled that "because damages under both the FDCPA and FCCPA require consideration of the overall frequency of the [collection] calls, and . . . evidence of the entire series of calls is necessary to address each claim individually, the suits all involved the same 'nucleus of operative fact. . . .'"[25]

Thus, FCCPA causes of action require courts to consider an entire series of collection calls to address each claim.  The Trustee brought two FCCPA claims in this adversary proceeding, and in the later state court lawsuit, under Fla. Stat. §§ 559.72 (7) and (9).  All of these claims arose from "the same nucleus of operative fact," namely the debt collection calls regarding the debt owed ($1,251.12) on a single credit account ("Account 5834").[26]  In both complaints, the Trustee alleged that TNB called the Debtor multiple times and multiple times per day.[27]

Therefore, the Trustee was prohibited from dividing the calls, based on their dates, to create multiple causes of action under the same sections of the Florida Statutes.  Since the bankruptcy estate's causes of action require consideration of TNB's entire collection effort, the Trustee was required to include all of the collection calls in this adversary proceeding.

The fact that the Trustee alleged only some of TNB's collection calls in this adversary proceeding does not mean that he had separate causes of action based on the unpleaded 2009

---

[25] *Breeders*, 2010 WL 2696404 at *1 (quoting its Order on Plaintiff's Motion for Partial Summary Judgment (June 6, 2009).

[26] Adv. Doc. No. 52 (citing the adversary complaint and state court complaint).

[27] *Id.*

calls. In the state court, the Trustee's FCCPA claims are premised on allegations of a series of collection calls in 2009. Although not alleged in the complaint in this proceeding, the 2009 calls were inherent to the FCCPA claims that the bankruptcy estate acquired on the petition date.[28] The 2009 calls became known to the Trustee months before the parties filed their Stipulation for dismissal.[29] The Trustee could have sought permission to amend his complaint to add the 2009 calls. He did not do that.

The pending state court action involves the same causes of action under the FCCPA that were dismissed with prejudice by this Court. With that dismissal, all FCCPA claims that the bankruptcy estate had against TNB for collection of the debt on Account 5834 were extinguished.

B. There Was a Final Judgment on the Merits

The Trustee argues that the stipulated dismissal with prejudice is not within the relitigation exception because it was not a final judgment on the merits, citing the Supreme Court's 1988 decision in *Chick Kam Choo*.[30] That decision, however, does not mandate a ruling for the Trustee.

In *Chick Kam Choo*, the widow of a man accidentally killed in Singapore, also a Singapore resident, brought claims against her husband's employer in the District Court in Texas. The defendants' motion for summary judgment on the widow's United States' maritime law claim was granted, on the conclusion that Singapore law applied. The District Court also dismissed the rest of the case on federal *forum non conveniens* grounds. The widow then filed

---

[28] 11 U.S.C. § 541(a).

[29] Adv. Doc. No. 52 at 9.

[30] *Chick Kam Choo*, 486 U.S. at 145-46.

suit in Texas state court.  The defendants initiated a new federal court suit seeking to bar her

state court action.  The District Court granted an injunction; the Court of Appeals affirmed,

finding that the injunction of the state court lawsuit fell within the "relitigation exception" to the

Anti-Injunction Act.

The Supreme Court, however, found that the injunction was broader than necessary "to

protect or effectuate" the District Court's prior judgment.   The District Court had not resolved

the merits of any claim under Singapore law, having decided only that the claims should be

dismissed under the federal *forum non conveniens* doctrine.  The issue of whether the Texas

court was an appropriate forum had not been adjudicated; thus, an injunction to foreclose the

state court's consideration of that issue was not within the relitigation exception.[31]  The Supreme

Court reasoned that:

> ". . . an essential prerequisite for applying the relitigation exception is that the claims or
> issues which the federal injunction insulates from litigation in state proceedings actually
> have been decided by the federal court.  Moreover . . . this prerequisite is strict and
> narrow.  The Court [in *Atlantic Coast Line*] assessed the precise state of the record and
> what the earlier federal order *actually* said; it did not permit the District Court to render a
> *post hoc* judgment as to what the order was *intended* to say."[32]

Here, the parties concluded this adversary proceeding, before summary judgment, by

jointly stipulating to a dismissal with prejudice of the Trustee's FCCPA claims, where collection

calls in 2010 were pleaded and collection calls in 2009, though not alleged, were known to the

Trustee.[33]  For purposes of determining *res judicata*, an order approving a settlement is a final

---

[31]  As to the widow's claim under Texas law, the District Court had specifically found that Singapore law must
control; to that extent, the injunction was within the relitigation exception to the Anti-Injunction Act.  *Chick Kam
Choo*, 486 U.S. at 150-51.

[32]  *Id.* at 148.

[33]  Adv. Doc. No. 30.

determination on the merits.[34]  The agreement to end the dispute was a settlement for purposes of

satisfying the judgment on the merits element of the doctrine of *res judicata*.  To hold otherwise

would disrupt the same policies present in protecting monetary settlements: no defendant would

stipulate to a dismissal of plaintiff's claims against it, with prejudice, if plaintiff could resurrect

the same claim in a different forum based on additional factual allegations that were known at

the time of the dismissal.[35]

Also, this Court has considered the Eleventh Circuit case of *SFM Holdings, Limited v.

Banc of America Securities, LLC*,[36] where the panel had to determine whether a state court

lawsuit presented the same claims as were dismissed with prejudice in an earlier federal court

lawsuit.  The party seeking the injunction argued that a federal court may enjoin the pursuit of

claims that were either actually litigated and decided or those that could have been litigated, but

were not.[37]  The Eleventh Circuit rejected that view:

> "Under the narrow view of the relitigation exception—which asks whether the
> claims or issues presented to the state court are the same as those that were
> actually litigated and decided by a federal court—if there are indeed material
> differences between the factual allegations presented by the 2006 Federal
> Complaint and the 2012 State Complaint, the cases present non-identical
> questions of law that render a federal injunction impermissible."[38]

---

[34] *Juris v. Inamed*, 685 F. 3d 1294, 1340 (11th Cir. 2012).

[35] The only difference between this case and a traditional settlement is that no money changed hands; presumably because both parties believed that TNB would prevail on summary judgment if the case continued.  To now punish TNB by forcing it to relitigate the same issues in state court would create a great deterrent to making stipulations to dismiss prior to summary judgment.

[36] 764 F. 3d 1327 (11th Cir. 2014).

[37] *Id.* at 1336.

[38] *Id.* at 1337.  Comparing the amended state court complaint with the dismissed federal court complaint, count by count, the court determined that the amended complaint advanced some arguments not previously raised in the federal court action and alleged new facts.  For those reasons, the court determined that it lacked authority to enjoin certain of the plaintiff's state court claims.  *Id.* at 1339-1346.

There is no material difference between the FCCPA claims asserted in the state court and the FCCPA claims that were dismissed with prejudice in this proceeding.  The Debtor's FCCPA claims, as they existed on the petition date, necessarily included all of TNB's collection calls regarding the debt owed on Account 5834.  The Trustee's omission of the 2009 calls in this proceeding does not alter the conclusion that the FCCPA claims brought against TNB in state court are the same as those that were asserted – and dismissed with prejudice − in this proceeding.

The stipulated dismissal of this adversary served to extinguish all of the FCCPA claims against TNB that the Trustee acquired on the petition date.  Except for the parties' stipulation for dismissal with prejudice, these claims could have been litigated in this proceeding.  To protect and effectuate the Stipulation and this Court's order dismissing the FCCPA claims with prejudice, the Court finds it appropriate to enjoin the Trustee's pursuit of the FCCPA claims in state court.

<u>CONCLUSION</u>

An order will be entered enjoining the Trustee from litigating any FCCPA claim against TNB based on any phone calls to collect the debt owed on Account 5834.  The Trustee will be required to dismiss the pending state court dispute between the Trustee and TNB (Polk County Civil Case No. 53-2012-CC-001447).  Accordingly, it is hereby

ORDERED that:

1.  TNB's Motion for Order Barring Relitigation is GRANTED.

2.  The Trustee is enjoined from further prosecution in state court of causes of action under §§ 559.72(7) and (9) based on TNB's pre-petition phone calls to the Debtor to collect the debt owed on Account 5834.

3.  The Trustee shall dismiss the state court lawsuit, with prejudice, by not later than
    fourteen (14) days after entry of this order.

Clerk's office to serve.